# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KALIEF HEATH, | : |
| | : |
| Plaintiff, | : |
| | : |
| | : |
| v. | : Civ. No. 15-245-LPS |
| | : |
| WARDEN WESTLY, et al., | : |
| | : |
| Defendants. | : |
| | : |

Kalief Heath, Howard R. Young Correctional Institution, Wilmington, Delaware, Pro Se Plaintiff.

## **MEMORANDUM OPINION**

August 10, 2015
Wilmington, Delaware

*[signature]*

**STARK, U.S. District Judge:**

## I.  INTRODUCTION

Plaintiff Kalief Heath ("Plaintiff"), an inmate at the Howard R. Young Correctional

Institution in Wilmington, Delaware, filed this action pursuant to 42 U.S.C. § 1983.[1]  (D.I. 3)

Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis.*  (D.I. 5)  The Court

proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(a).

## II.  BACKGROUND

Plaintiff alleges violations of his rights under the Eighth and Fourteenth Amendments of the

United States Constitution.  On March 3, 2015, Plaintiff was advised by Officer Chuck ("Chuck")

that he was moving from Z pod to Y pod.  Plaintiff informed the officer that he could not be

moved to Y pod because of a no-contact order with another inmate housed there.  Officer Chuck

called Defendant Unknown Lieutenant ("Lieutenant")[2] and told him about the issue but the

Lieutenant told Chuck that Plaintiff still had to be moved to Y pod.[3]  Plaintiff alleges that he was

placed in "harm's way."  Plaintiff was moved and assaulted that night.  Plaintiff was treated by

medical for his injuries.  Plaintiff alleges that if Lieutenant had checked the books he would have

seen the no-contact order.  Plaintiff alleges that Defendant Ms. Hoston ("Hoston"), who is

---

[1] Pursuant to 42 U.S.C. § 1983, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

[2] Identified on the Court docket as "unknown Lieutenant's department," but referred to in the body of the Complaint as unknown Lieutenant.

[3] Two months earlier, an attempt to transfer Plaintiff to Y pod did not take place -- after it was discovered there was a no-contact order.

1

responsible for inmate movement, should have been aware of the no-contact order. Plaintiff seeks compensatory damages.

## III.   LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule

2

12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570).

To determine whether a complaint meets the pleading standard as set forth in *Twombly* and *Iqbal*, the Court must: (1) outline the elements a plaintiff must plead to a state a claim for relief; (2) peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth; and (3) look for well-pled factual allegations, assume their veracity, and then "determine whether they plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012) (internal citations omitted) (citing *Iqbal*, 556 U.S. at 679; *Argueta v. United States Immigration and Customs Enforcement*, 643 F.3d 60, 73 (3d Cir. 2011)). The last step is "a context-

3

specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## IV. DISCUSSION

A defendant in a § 1983 action "must have personal involvement in the alleged wrongs," which can be shown by "allegations of personal direction." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Plaintiff's allegations against Warden Westly is that he "is above every staff member in the institution and inmate's lives and his staff put [Plaintiff's] life at risk." (D.I. 3 at 7) The allegations against Defendant unknown Sergeant ("Sergeant"), the shift leader, is that he should be held responsible for the actions of Chuck and Lieutenant.

As the Complaint now stands, the allegations fail to suggest that these two Defendants were personally involved in the alleged wrongdoing. In addition, it appears that Plaintiff relies on the supervisory role of Defendants, but liability under § 1983 cannot be based solely on a theory of respondeat superior. *See Wright v. Warden, Forest SCI*, 582 F. App'x 136, 137 (3d Cir. Nov. 17, 2014) (citing *Rode*, 845 F.2d at 1207).

Therefore, Westly and Sergeant will be dismissed as defendants pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1) as legally frivolous.

## V. CONCLUSION

For the above reasons, the Court will dismiss the claims against Westly and Sergeant pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). Plaintiff will be allowed to proceed against Defendants Unknown Primary and Secondary Control, Ms. Hoston, and Unknown Lieutenant.

An appropriate order will be entered.

4