# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KALIEF HEATH, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| | : | |
| v. | : Civ. No. 15-245-LPS | |
| | : | |
| MS. HOSTON, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

Kalief Heath, Howard R. Young Correctional Institution, Wilmington, Delaware, Pro Se Plaintiff.

Roopa Sabesan, Deputy Attorney General Deputy, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendant Ms. Hoston.

**MEMORANDUM OPINION**

September 26, 2016
Wilmington, Delaware

STARK, U.S. District Judge:

## I. INTRODUCTION

Plaintiff Kalief Heath ("Plaintiff"), an inmate at the Howard R. Young Correctional Institution in Wilmington, Delaware, filed this action pursuant to 42 U.S.C. § 1983.[1] (D.I. 3) Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5) The Court has jurisdiction pursuant to 28 U.S.C. § 1331. The Court screened the action on August 10, 2015 and dismissed the claims against Defendants Warden Westly and Unknown Sergeant. (D.I. 7, 8) Presently before the Court is Defendant Ms. Hoston's ("Defendant") motion to dismiss. (D.I. 10) For the reasons that follow, the Court will deny the motion to dismiss but will order Plaintiff to show cause why the case should not be dismissed for failure to prosecute.

## II. BACKGROUND

Plaintiff alleges violations of his rights under the Eighth and Fourteenth Amendments of the United States Constitution. On March 3, 2015, Plaintiff was advised that he was moving from Z pod to Y pod. He informed the officer that he could not be moved to Y pod because of a no-contact order with another inmate housed there. The officer called a lieutenant and told him about the issue but the lieutenant told the officer that Plaintiff still had to be moved to Y pod. Plaintiff alleges that two months earlier, an attempt to transfer Plaintiff to Y pod did not take place after it was discovered there was a no-contact order. Plaintiff alleges that he was placed in "harm's way" when he was moved and then assaulted that night. Plaintiff alleges that Defendant, who is responsible for inmate movement, should have been aware of the no-contact order. Defendant

---

[1] Pursuant to 42 U.S.C. § 1983, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

1

moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff did not file a response to the motion.

## III. LEGAL STANDARDS

Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted). Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, the Court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks omitted).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, ___U.S.___, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.*

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume

2

their veracity and then determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Iqbal*, 556 U.S. at 678 and *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).

## IV. DISCUSSION

The motion to dismiss will be denied. The standard for screening a case under 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) is the same used when ruling on motions to dismiss pursuant Rule 12(b)(6). This Court screened the complaint and, liberally construing the complaint as it must, identified a non-frivolous failure to protect claim. (*See* D.I. 7, 8) Nothing has changed since the screening of the complaint. Therefore, the Court will deny the motion to dismiss.

## V. SHOW CAUSE

Plaintiff filed this action in March 2015. That is now more than 18 months ago, yet Plaintiff has taken no additional action in this case. Notably, Plaintiff did not respond to Defendant's motion to dismiss, which was filed on February 29, 2016. Therefore, Plaintiff will be ordered to

show cause why this case should not be dismissed for failure to prosecute, pursuant to D. Del. LR 41.1.

## VI. CONCLUSION

For the above reasons, the Court will deny the motion to dismiss. (D.I. 10) Plaintiff will be ordered to show cause why this case should not be dismissed for failure to prosecute.

An appropriate Order follows.