IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| KALIEF HEATH, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civ. Action No. 15-245-LPS |
| | : |
| MS. HOSTON, et al., | : |
| | : |
| Defendants. | : |

## MEMORANDUM

The plaintiff Kalief Heath ("Plaintiff"), who proceeds *pro se* and was granted leave to proceed *in forma pauperis*, filed this lawsuit pursuant to the 42 U.S.C. § 1983.

## I.    BACKGROUND

The Complaint was filed on March 17, 2015. (D.I. 3) On September 26, 2016, the Court denied Defendant's Motion to Dismiss and, at the same time, ordered Plaintiff to show cause why the case should not be dismissed for failure to prosecute since Plaintiff had taken no action since April 15, 2015 when he submitted an authorization form. (D.I. 12) Plaintiff responded on October 11, 2016. (D.I. 13)

Plaintiff states that he was released from prison on October 12, 2015. When he returned on February 20, 2016, he received the motion to dismiss filed by Defendant Ms. Hoston ("Hoston"). Plaintiff believed that the motion was an order dismissing the complaint and "did not follow-up until he received the [Show Cause Order]." (D.I. 13 at ¶ 3) Plaintiff contends that dismissal is not appropriate.

## II.   LEGAL STANDARDS

Pursuant to Fed. R. Civ. P. 41(b), a court may dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules] or any order of court . . . ." Although dismissal is

1

an extreme sanction that should only be used in limited circumstances, dismissal is appropriate if a party fails to prosecute the action. *Harris v. City of Philadelphia*, 47 F.3d 1311, 1330 (3d Cir. 1995).

The following six factors determine whether dismissal is warranted. (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of other sanctions; and (6) the meritoriousness of the claim or defense. *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984). The court must balance the factors and need not find that all of them weigh against Plaintiff to dismiss the action. *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002). Because dismissal for failure to prosecute involves a factual inquiry, it can be appropriate even if some of *Poulis* factors are not satisfied. *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1998).

## III. DISCUSSION

The Court finds that the *Poulis* factors warrant dismissal of Plaintiff's case. First, as a *pro se* litigant, Plaintiff is solely responsible for prosecuting his claim. *Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 920 (3d Cir. 1992). Second, the defendants are prejudiced by Plaintiff's failure to prosecute. Prejudice occurs when a plaintiff's failure to prosecute burdens the defendant's ability to prepare for trial. *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222-23 (3d Cir. 2003). As to the third factor, there appears to be a history of dilatoriness. Plaintiff was released from prison in October 2015, but did not see fit to advise the Court of his release. Moreover, he failed to respond to Hoston's Motion to Dismiss and only took action upon receipt of the Show Cause Order. As to the fourth factor, the fact that Plaintiff failed to advise the Court of his release from prison leads to the conclusion that Plaintiff's failure to prosecute is willful or in bad faith. Only Plaintiff can take steps to prosecute this case.

2

As to the fifth factor, there are no alternative sanctions the Court could effectively impose. Precluding Plaintiff from presenting evidence at trial would have the same effect as dismissal. For the same reason, granting summary judgment in favor of the defendants or forbidding Plaintiff from pursuing further discovery would have the same effect as dismissal. Finally, a monetary sanction is ineffective inasmuch as Plaintiff proceeds as a *pauper*. The Court finds the sixth factor, the merits of the claim, is neutral. The other five *Poulis* factors, however, weigh in favor of dismissal.

## IV. CONCLUSION

The Court finds that Plaintiff has failed to show cause why this case should not be dismissed for failure to prosecute. For the above reasons, the Court will dismiss the case pursuant to D. Del. LR 41.1

An appropriate Order will be entered.

UNITED STATES DISTRICT JUDGE

January ___, 2017
Wilmington, Delaware

3

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

KALIEF HEATH,                            :
                                         :
            Plaintiff,                   :
                                         :
    v.                                   : Civ. Action No. 15-245-LPS
                                         :
MS. HOSTON, et al.,                      :
                                         :
            Defendants.                  :

**ORDER**

At Wilmington this _____ day of January, 2017, for the reasons set forth in the Memorandum

issued this date,

    IT IS ORDERED that:

    1.      This action is **dismissed** for the plaintiff's failure to prosecute, pursuant to D. Del.

LR 41.1.

    2.      The Clerk of Court is directed to **close** the case.


                                    _____
                                    UNITED STATES DISTRICT JUDGE